# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CAREERCODE, LLC ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | |
| CMG CLIQUE MEDIA GROUP, INC., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and KATHERINE POWER, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and HILLARY KERR ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; FALSE DESIGNATION OF ORIGIN; AND DECEPTIVE TRADE PRACTICES**

Plaintiff CareerCode, LLC, for its Complaint against Defendants CMG Clique Media Group, Inc., Katherine Power, and Hillary Kerr, alleges as follows:

### PARTIES

1. Plaintiff CareerCode, LLC ("CareerCode") is a Minnesota limited liability company having a place of business at 5353 Wayzata Boulevard, Suite 202 Minneapolis, Minnesota 55416.

2. On information and belief, Defendant CMG Clique Media Group, Inc. ("CMG") is a Delaware corporation having a place of business at 360 North La Cienega Boulevard, 3rd Floor, Los Angeles, California 90048.

3. On information and belief, Defendant Katherine Power ("Power") is the president of CMG, and therefore has an employment address of 360 North La Cienega Boulevard, 3rd Floor, Los Angeles, California 90048.

4. On information and belief, Defendant Hillary Kerr ("Kerr") is employed by CMG, and therefore has an employment address of 360 North La Cienega Boulevard, 3rd Floor, Los Angeles, California 90048 (CMG, Power, and Kerr collectively referred to herein as the "Defendants").

## JURISDICTION AND VENUE

5. This is an action arising under the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq*.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332, 1338(a) and 1338(b). CareerCode's claims for unfair competition and deceptive trade practices are brought pursuant to 28 U.S.C. §1338(b).

7. This Court has both general and specific personal jurisdiction over each of the Defendants. On information and belief, each of the Defendants transacts business and has continuous and systematic contacts in this District, or have otherwise made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

8. Venue is proper in this Judicial District under 28 U.S.C. §1391(b).

## BACKGROUND

9. CareerCode was founded by Jan Lowe, a vocational rehabilitation counselor, and Tracy Lungrin, a student counseling professional, to assist individuals in more clearly understanding their own characteristics and talents to guide them in making

vocational and life choices that are most likely to bring long-term satisfaction. In 2003, Ms. Lowe and Ms. Lungrin began developing an interactive tool to provide users with constructive feedback on how to align users' interests and abilities with personally rewarding vocations. Ms. Lowe and Ms. Lungrin implemented the tool to provide vocational guidance services under the brand "Career Code".

10. CareerCode is the owner of United States Service Mark Registration No. 3,613,030, issued on April 28, 2009 for the mark "CAREER CODE" for use in connection with "providing on-line vocational guidance services" (hereinafter the "Registration"). A copy of the Certificate of Registration for this mark is attached hereto as Exhibit 1.

11. CareerCode's Registration is a valuable asset and has considerable goodwill and value.

12. To expand upon its on-line and in-person guidance services, CareerCode in 2012 published a first book using the mark "CareerCode". The book describes an enlightening process that links personal traits, interests, and work environments to real and practical careers in today's rapidly changing world. The book was the first in a series of written publications authored by Ms. Lowe and Ms. Lungrin using the mark "CareerCode", including a series of workbooks for guiding individuals at various stages of their career. Images of the covers of the "CareerCode" series of books are attached as Exhibits 2-7.

13. Over the many years of providing vocational guidance services and offering a series of books pertaining to vocational guidance, CareerCode has used both "Career Code" and "CareerCode", given their nearly identical appearance, sound, and commercial impression. These nearly identical formats are hereinafter referred to as the "Mark".

14. CareerCode operates a website at CareerCode.com to promote its books and vocational guidance services.

15. On information and belief, Defendants Power and Kerr are authors of a book titled "THE CAREER CODE: Must-Know Rules for a Strategic, Stylish, and Self-Made Career" having an official publication date of May 17, 2016 (hereinafter the "Power/Kerr Book"). An image of the cover of the Power/Kerr book is attached as Exhibit 8.

16. On information and belief, the Power/Kerr Book is marketed by Defendants as "The Career Code", and provides vocational guidance for the reader. According to Abrams Books, the publisher of the Power/Kerr Book, "[t]he book is filled with insightful, pragmatic 'career codes' to follow, as well as all of the practical, how-to advice they've learned", and further that "you will find the most useful and accessible tips and tricks to strategically build your career into exactly what you want to be".

17. On information and belief, Defendants Power and Kerr have begun distributing the Power/Kerr Book. A website posting on twitter.com that, on information and belief, is attributable to Kerr promoting sales of the Power/Kerr Book is attached as Exhibit 9.

18. On information and belief, the Power/Kerr Book is published by Abrams Books and is currently offered for sale at amazon.com. A print-out of an order page for the Power/Kerr Book from amazon.com is attached as Exhibit 10.

19. On information and belief, the content of the Power/Kerr Book is also available on-line in electronic format. A webpage print-out from abramsbooks.com demonstrating the availability of the Power/Kerr Book in electronic format is attached as Exhibit 11.

20. On information and belief, Defendants Power and Kerr are advertising and promoting the Power/Kerr Book by using the names "The Career Code" and "Career Code" apart from the remainder of the full title of the Power/Kerr Book, giving the commercial impression that the book title is "Career Code" or "The Career Code". On information and belief, Defendants Power and Kerr are also promoting the Power/Kerr Book through the use of the keyword metatag "#careercode", including through social media postings at twitter.com and facebook.com. A print-out from a posting at twitter.com that, on information and belief is attributable to Kerr, is attached as Exhibit 12.

21. On information and belief, Defendants Power and Kerr co-founded CMG, which, on information and belief, operates the websites WhoWhatWear.com, Byrdie.com, and MyDomaine.com.

22. On information and belief, CMG is using the Mark to provide on-line vocational guidance services, in violation of the Registration. On information and belief, CMG is providing such on-line vocational guidance services through one or more social media websites. Examples of such on-line website postings are attached as Exhibit 13.

23. On information and belief, CMG is promoting the Power/Kerr Book using the keyword metatag "#careercode" on social media websites.

24. Defendants' unauthorized use of the Mark has and will continue to irreparably injure CareerCode by confusing customers, diverting sales, and diluting the distinctiveness of Plaintiff's trademark and service mark. If permitted to continue, Defendants' use of the marks will continue to irreparably injure CareerCode, the reputation and goodwill associated therewith, CareerCode's reputation for exceedingly high-quality

services and products, and the public interest in being free from confusion, mistake, or deception.

### COUNT I:  Violation of Lanham Act under 15 U.S.C. §1125

25. CareerCode reaffirms and realleges the allegations set forth in Paragraphs 1-24 above.

26. Defendants' unauthorized use of the Mark constitutes a false designation of origin and false description of representation.  Such use is likely to cause confusion, or to cause mistake, by an existing customer or prospective customer of CareerCode seeking its goods or services.  Additionally, Defendants' use of the Mark is likely to cause confusion, or to cause mistake in customers associating CareerCode's services and goods with those offered by Defendants, and will likely cause CareerCode to lose value in the Mark, its identity in services and products, its corporate identity, control over its goodwill and reputation, and ability to move into new markets.  Defendants' conduct therefore violates 15 U.S.C. §1125(a), including pursuant to the doctrine of Initial Interest Confusion.

27. On information and belief, Defendants will continue their unauthorized and damaging use of the Mark unless and until Defendants are enjoined by this Court.

28. As a result, CareerCode will be damaged and will be irreparably injured unless and until Defendants' infringing activities are enjoined by this Court.

### COUNT II:  Infringement of Federally Registered Trademark
### Pursuant to U.S.C. §1114

29. CareerCode reaffirms and realleges the allegations set forth in Paragraphs 1-28 above.

30. Defendants' unauthorized use of the Mark, as registered in the Registration, and confusingly similar variations thereof, in the sale and marketing of Defendants' services is an infringement of CareerCode's Registration, and is likely to cause confusion, mistake and deception of the public as to the identity and origin of CareerCode's services.

31. The goodwill of CareerCode's business relevant to the Mark is of significant value, and CareerCode's trade reputation and goodwill will suffer irreparable harm should Defendants' infringement be allowed to continue.

32. As a result, CareerCode will be damaged, and will be irreparably injured unless and until Defendants' infringing activities are enjoined by this Court.

## **COUNT III:  Unfair Competition and False Advertising**

## **Pursuant to 15 U.S.C. §1125**

33. CareerCode reaffirms and realleges the allegations set forth in Paragraphs 1-32 above.

34. Defendants' unauthorized use of the Mark and confusingly similar variations thereof in connection with the advertising, marketing, and sales of its goods and services is in direct competition with CareerCode's goods and services, and constitutes unfair competition and false advertising pursuant to 15 U.S.C. §1125.

35. Defendants' use of the Mark is likely to cause confusion, mistake, and deception among consumers.  Defendants' unfair competition and false advertising has caused and will continue to cause damage to CareerCode's business, reputation and goodwill, and is causing irreparable harm to CareerCode for which there is no adequate remedy at law.

36. Defendants knew or should have known that the use of the Mark was false and likely to mislead consumers.

37. On information and belief, Defendants will continue to cause confusion, mistake, and deception among consumers through its unauthorized use of the Mark unless and until Defendants are enjoined by this Court.

38. As a result, CareerCode will be damaged and will be irreparably injured unless and until Defendants' unlawful activities are enjoined by this Court.

**COUNT IV:  Deceptive Trade Practices under Minnesota Statute 325D.44 *et seq.***

39. CareerCode reaffirms and realleges the allegations set forth in Paragraphs 1-38 above.

40. Defendants have engaged in deceptive trade practices within the meaning of Minn. Stat. 325D.44 Subd. 1 by causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

41. Defendants have also engaged in deceptive trade practice under Minn. Stat. 325D.44 Subd. 1 in the course of their business by causing likelihood of confusion or misunderstanding as to Defendants affiliation, connection, or association with CareerCode.

42. CareerCode is entitled to injunctive relief from Defendants' deceptive trade practices pursuant to Minn. Stat. 325D.45 Subd. 1.

43. Defendant has willfully engaged in the deceptive trade practices, and is therefore subject to reasonable attorney's fees pursuant to Minn. Stat. 325D.45 Subd. 2.

**PRAYER FOR RELIEF**

WHEREFORE, CareerCode requests the following relief from this Court:

1. That Defendants and those parties associated with them be preliminarily and permanently enjoined and prohibited from using the Mark or any confusingly similar designation that is likely to cause confusion, mistake, deception or public misunderstanding as to the origin of CareerCode's services or products.

2. That CareerCode be awarded an amount equivalent to all damages sustained by it as allowed under all relevant federal and state statutes and common law, including Defendants' profits which Defendants have realized as a result of its sale of products promoted under the Mark.

3. That CareerCode be awarded its reasonable attorney's fees and court costs.

4. That Defendants be compelled to deliver up for destruction all advertising and promotional materials in their possession which discuss, advertise, or promote products or services using the Mark.

5. That CareerCode be awarded statutory damages against the Defendants, jointly and severally.

6. CareerCode further requests such other and further relief as the Court may deem equitable and just.

## **DEMAND FOR JURY TRIAL**

CareerCode hereby demands a trial by jury for all issues triable to a jury pleaded herein.

Respectfully submitted,

HAUGEN LAW FIRM PLLP

Date: May 13, 2016

/s/Mark J. Burns
Mark J. Burns, Esq. (MN ID #0308055)
Eric O. Haugen, Esq. (MN ID #189807)
1130 TCF Tower
121 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 339-8300

Attorneys for Plaintiff,
CareerCode, LLC